**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation,<br><br>           Plaintiff,<br>    v.<br><br>SERVE WELL MARKET, a business entity; ASAD SHARMOUG, an individual; TAMIN NAJARR, an individual; and DOES 1-10 inclusive,<br><br>           Defendant.<br>                                                             / | No. C 05-3121 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT** |

Defendants have filed a motion for summary judgement. Pursuant to Civil Local Rule 7-1(b), the Court finds that it is appropriate to determine the motion without oral argument and VACATES the hearing set for January 20, 2006. Having carefully considered the arguments of the parties as well as the evidence submitted, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff Lorillard Tobacco Company ("Lorillard") alleges that defendants Serve Well Market ("Serve Well"), Asad Sharmoug, and Tamin Najarr sold or offered for sale counterfeit imitations of Lorillard cigarettes in violation of 15 U.S.C. §§ 1114(1), and 1125(c); Cal. Bus. and Prof. Code §§ 14330 and 17200; and common law unfair competition. Lorillard filed its Complaint against defendants on August 1, 2005 after its sales representatives allegedly discovered such counterfeit items on June 22, 2005. Decl. of Thomas A. Burg ("Burg Decl.") at ¶ 2, 3, 4, and 5, Exhs. A, B, and C.

On August 2, 2005, this Court issued a Seizure Order, a Temporary Restraining Order, an Order

to Show Cause for Preliminary Injunction, and an Order Accelerating Discovery. Together with the U.S. Marshals' Service, plaintiff served the Seizure Order on August 8, 2005 and obtained two packs of allegedly counterfeit cigarettes. *Id.* at ¶ 2. Pursuant to the Order Accelerating Discovery, on August 6, 2005, plaintiff served defendants with interrogatories and document requests. *Id.* at ¶ 7. Defendants responded to the interrogatories on September 3, 2005, and answered Lorillard's Complaint on November 14, 2005. *Id.* at ¶ 12. However, according to plaintiff, defendants have not yet fully produced all documents pursuant to discovery requests. Lorillard specifically asserts that defendants' production of purchase receipts for 2001, 2002 and 2003 appears to be incomplete. Burg Decl., ¶ 11. Neither party has taken depositions in this case.[1]

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 317 (1986). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v.*

---

[1] Although defendants did not file a reply by the January 6, 2006 deadline, they did submit an "Amended Disclosure to Plaintiff's Opposition to Defendant's Request for Summary Judgement Sua Sponte Entry of Summary Judgment/ Summary Adjudication" on January 12, 2006. While defendants' filing indicates their intention to produce additional documents, it provides no additional legal support for their motion.

2

*Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. G.T.E. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

The Court concludes that defendants have failed to demonstrate that summary judgement is appropriate. Defendants' sole argument in their motion is that they could not be reasonably expected to know that the products were not genuine since the items originated from a wholesaler, Geary Wholesale Company. In support, defendants submit twenty-seven invoices from 2005 as evidence that they have indeed purchased products from Geary Wholesale Company. *Id.* at 3. The problem with defendants' argument is that intent is not an "essential" element of the statutory provisions allegedly violated. 15 U.S.C. § 1114 is a strict liability statute, meaning that ignorance that the products were not genuine is not a defense. *See Phillip Morris USA, Inc. v. Shalabi, et al.*, 352 F. Supp. 2d 1067, 1073-74 (C.D. Cal. 2004) (citing *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1152 n.6 (7th Cir. 1992) ("Sellers bear strict liability for violations of the Lanham Act.")); *Taubman Co. v. Webfeats*, 319 F.3d 770, 775 (6th Cir. 2003) ("[T]he Lanham Act is a strict liability statute.").

Similarly, strict liability is imposed for violations of Cal. Bus. and Prof. Code § 17200. *See Hewlett v. Squaw Valley Ski Corp.* 54 Cal. App. 4th 499, 520 (Cal. Ct. App. 1997) ("[§ 17200] imposes strict liability. It is not necessary to show that the defendant intended to injure anyone."). Consequently, even if defendants were able to demonstrate lack of intent, such a showing would not negate a necessary element of the allegation and thus, would not satisfy the burden of production.

Moreover, although under no obligation to do so at this point, Lorillard offers evidence that the cigarettes seized at Serve Well Market were counterfeit. Plaintiff has submitted the declaration of Thomas A. Burg, plaintiff's attorney, who was present at Serve Well Market on August 8, 2005 when Lorillard executed a seizure order and allegedly obtained two packs of counterfeit Newport Box King cigarettes. *See* Burg Decl. at ¶ 2. Plaintiff also has submitted declarations from three of its employees

who have examined the items and determined them to be counterfeit. *Id.* at Exs. A-C. At the very least, plaintiff has submitted evidence raising a triable issue of fact sufficient to defeat summary judgment.

## CONCLUSION

Based on the foregoing, the Court DENIES defendants' motion for summary judgment. (Docket No. 29).

**IT IS SO ORDERED.**

Dated: January 13, 2006

SUSAN ILLSTON
United States District Judge